## John Vinton vs. Middlesex Railroad Company.

The conductor of a street railway car may exclude or expel therefrom a person who by reason of intoxication or otherwise is in such a condition as to render it reasonably certain that by act or speech he will become offensive or annoying to other passengers therein, although he has not committed any act of offence or annoyance.

Tort against a street railway corporation to recover damages for the act of one of their conductors in expelling the plaintiff from a car in which he was a passenger.

At the trial in the superior court, before *Morton*, J., it appeared that the plaintiff was a passenger in one of the defendants' cars, and was expelled by the conductor. There was no evidence that any rule or regulation had ever been adopted by the defendants, authorizing their conductors to expel passengers for any cause. The defendants introduced evidence tending to show that at the time of the expulsion the plaintiff was intoxicated, and used loud, boisterous, profane and indecent language towards the conductor and attempted to strike him, and that he was therefore expelled. But the evidence on this point was conflicting. There were four women in the car as passengers.

The defendants requested the court to instruct the jury, amongst other things, as follows: " If the jury find that the plaintiff was in the defendants' car in a state of intoxication, so as reasonably to induce the conductor to believe that the plaintiff would be an annoyance to the passengers, or if the plaintiff so conducted, or used boisterous, profane or indecent language, naturally calculated to annoy the passengers, and persisted in sc doing after being requested to be quiet, the conductor would be justified in removing him, using no more violence than was necessary to effect his removal."

The judge declined so to rule, and instructed the jury as follows: " If the plaintiff, by reason of intoxication or otherwise, was, in act or language, offensive or annoying to the passengers, the conductor had a right to remove him, using reasonable force. If the conductor, in the performance of his service as conductor, forcibly removed the plaintiff without justifiable cause, or if,

having justifiable cause, he used unnecessary and unreasonable violence, in kind or degree, in removing him, the defendants are liable."

The jury returned a verdict for the plaintiff, with $1000 damages; and the defendants alleged exceptions.

*L. M. Child*, (*L. Child* with him,) for the defendants. It is the duty of the proprietors of steamboats and railroads, as common carriers of passengers, to provide for the quiet and comfort of their passengers, and to secure them from annoyance, fright and terror, resulting from the misconduct of their servants or of other passengers. *Commonwealth* v. *Power*, 7 Met. 601. *Jencks* v. *Coleman*, 2 Sumner, 221. *Camden & Amboy Railroad* v. *Burke*, 13 Wend. 611. *Pardee* v. *Drew*, 25 Wend. 459. *Pickford* v. *Grand Junction Railway*, 8 M. & W. 372. Angell on Carriers, § 525. The discharge of this duty falls within the scope of the employment of the conductor of a railroad car; and if he has good reason to believe that the other passengers cannot otherwise be secured from annoyance, he may remove a passenger.

*T. H. Sweetser & W. S. Gardner*, for the plaintiff. The conductor of a car has no right to anticipate that one passenger will become an annoyance to others. If there is no annoyance at the time, and the passenger is conducting himself properly, he cannot be removed. In this case, the defendants did not ask for an instruction that the plaintiff might properly be put off the car if he annoyed the conductor, or if he was intoxicated; but that if he was in a state of intoxication so as reasonably to induce the conductor to believe that he would be an annoyance, he might be removed. But the conductor himself may have been intoxicated. The ruling that was requested did not provide that the jury should find that the conductor had reason to believe that fact.

No regulations have been established by the defendants; and therefore a passenger agrees simply to behave in a decent and proper manner. If he does so, he has a right to ride; he has a license to enter the car, and a right to stay there, until he does something improper. If anybody undertakes to exercise a

Vinton *v.* Middlesex Railroad Company.

judgment on this subject, he must be sure to judge right. In this case the defendants ask that if the conductor is afraid that a passenger will do something improper, he may expel him. If this rule is adopted, a laboring man, tired and sleepy, may be ejected because the conductor thinks he is intoxicated. In some of the cases cited, express rules of the carriers were violated.

BIGELOW, C. J. By the instructions under which this case was submitted to the jury, in connection with the refusal of those which were asked for by the defendants, we are led to infer that the learned judge who presided at the trial was of opinion that the defendants and their duly authorized agents had no legal power or authority to exclude or expel from the vehicles under their charge a passenger whose condition and conduct were such as to give a reasonable ground of belief that his presence and continuance in the vehicle would create inconvenience and disturbance and cause discomfort and annoyance to other passengers. Such certainly were the result and effect of the rule of law laid down for the guidance of the jury at the trial. We are constrained to say that we know of no warrant, either in principle or authority, for putting any such limitation on the right and authority of the defendants as common carriers of passengers, or of their servants acting within the scope of their employment.

It being conceded, as it must be under adjudicated cases, that the defendants, as incident to the business which they carried on, not only had the power but were bound to take all reasonable and proper means to insure the safety and provide for the comfort and convenience of passengers, it follows that they had a right, in the exercise of this authority and duty, to repress and prohibit all disorderly conduct in their vehicles, and to expel or exclude therefrom any person whose conduct or condition was such as to render acts of impropriety, rudeness, indecency or disturbance either inevitable or probable. Certainly the conductor in charge of the vehicle was not bound to wait until some overt act of violence, profaneness or other misconduct had been committed, to the inconvenience or annoyance of other passengers, before exercising his authority to exclude or expel the offender

The right and power of the defendants and their servants to prevent the occurrence of improper and disorderly conduct in a public vehicle is quite as essential and important as the author- ity to stop a disturbance or repress acts of violence or breaches of decorum after they have been committed, and the mischief of annoyance and disturbance have been done.

Indeed, if the rule laid down at the trial be correct, then it would follow that passengers in public vehicles must be sub- jected to a certain amount or degree of discomfort or insult from evil disposed persons before the right to expel them would accrue to a carrier or his servant. There would be no authority to restrain or prevent profaneness, indecency or other breaches of decorum in speech or behavior, until it had continued long enough to become manifest to the eyes or ears of other passen- gers. It is obvious that any such restriction on the operation of the rule of law would greatly diminish its practical value. Nor can we see that there is any good reason for giving so nar- row a scope to the authority of carriers of passengers and their agents as was indicated in the rulings at the trial. The only objection suggested is, that it is liable to abuse and may become the instrument of oppression. But the same is true of many other salutary rules of law. The safeguard against an unjust or unauthorized use of the power is to be found in the consid- eration that it can never be properly exercised except in cases where it can be satisfactorily proved that the condition or con- duct of a person was such as to render it reasonably certain that he would occasion discomfort or annoyance to other passengers, if he was admitted into a public vehicle or allowed longer to re- main within it. *Exceptions sustained.*